UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL FLYNN TRUSS, JR.,

        Plaintiff,

v.

JANE DOE, GEORGE MURPHY,
MICHELLE HORNES, and
PATRICIA L. CARUSO,

        Defendants.
_____/

CASE NO. 11-11184

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## ORDER OF DISMISSAL

### I. Introduction

Plaintiff Earl Flynn Truss, Jr., is a state prisoner at Oaks Correctional Facility in Manistee, Michigan. He has filed an application for appointment of counsel and a *pro se* civil rights complaint under 42 U.S.C. § 1983. The defendants are employed by the Michigan Department of Corrections as follows: Jane Doe is a district supervisor; George Murphy is a field agent; Michelle Hornes is an area supervisor; and Patricia L. Caruso is the Director of the Michigan Department of Corrections. Plaintiff seeks declaratory, injunctive, and monetary relief from defendants.

The complaint alleges that Plaintiff was paroled from the Michigan Department of Corrections to a federal detainer on August 12, 2005. The parole term was twenty-four months. After the parole term expired in September of 2007, Plaintiff was released from federal prison and sent to a federal half-way house. He violated the rules of the half-way house and was sent to

the Dickerson Facility in Hamtramck, Michigan for the duration of his federal sentence. Prior to his discharge from the Dickerson Facility in 2008, defendant George Murphy visited Plaintiff and informed him that the Michigan Department of Corrections had extended his state parole term.

Plaintiff contends that defendant Murphy had no legal documentation to validate the extension of his state parole term. Plaintiff also appears to allege that his parole term had expired by the time the Michigan Parole Board extended it and, therefore, the Parole Board lacked jurisdiction over him. Plaintiff claims that improper procedures were followed and that he was deprived of his liberty without due process of law.

## II. Standard of Review

The Court has granted Plaintiff leave to proceed without prepayment of the fees and costs for this action. The Court may dismiss an indigent prisoner's civil rights complaint if the complaint (1) is frivolous or malicious or fails to state a claim for which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009)). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted). Conclusory statements will not suffice, and only a complaint that states a plausible claim for relief will survive. *Ashcroft v. Iqbal,* __ U.S. __, __, 129 S. Ct. 1937, 1949-50 (2009) (citing *Twombly,* 550 U.S. at 555-56). "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin,* 630 F.3d. 468, 471 (6th Cir. 2010) (quoting *Iqbal,* 129 S. Ct. at 1949).

### III. Discussion

#### A. *Heck v. Humphrey*

Plaintiff's complaint is legally frivolous and fails to state a claim for which relief may be granted because it challenges the fact or duration of his confinement. His allegations would be more appropriate in a habeas corpus petition, following exhaustion of state remedies. *Preiser v. Rodriguez,* 411 U.S. 475, 499-500 & 499 n. 14 (1973). Plaintiff has no right to money damages unless the order or judgment holding him in custody has been invalidated by state officials or impugned by a federal court on habeas corpus review. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). "*Heck* 'applies to proceedings that call into question the fact or duration of parole or probation.'" *Noel v. Grzesiak,* 96 F. App'x 353, 354 (6th Cir. 2004) (quoting *Crow v. Penry,* 102 F.3d 1086, 1087 (10th Cir. 1996)). *Heck* and progeny, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson,* 544 U.S. 74, 81-

82 (2005) (emphasis in original).

Plaintiff has not alleged that the Michigan Parole Board's decision to extend his parole term was invalidated by state officials or impugned by federal officials on habeas corpus review, and success in this action would demonstrate the invalidity of his confinement. Therefore, his claim is not cognizable in this civil rights action.

## B. Supervisory Liability

The complaint is frivolous and fails to state a claim against Jane Doe, Michelle Hornes, and Patricia Caruso for an additional reason: Plaintiff has not explained what those defendants did to violate his constitutional rights. To the extent that Plaintiff is suing Doe, Hornes, and Caruso under a *respondeat superior* theory of liability, his claim lacks merit because vicarious liability is not applicable to suits under § 1983. *Iqbal*, 129 S. Ct. at 1948. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*. In other words, "damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Terrance v. Northville Reg'l. Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002 ) (emphasis in original). "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act," *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)), or on "simple awareness of employees' misconduct." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003). Instead,

[t]here must be a showing that the supervisor encouraged the specific incident of

misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (citing *Hayes v. Jefferson County*, 668 F.2d 869, 972-74 (6th Cir. 1982)).

Plaintiff has not shown that the supervisory officials which he sued encouraged the conduct about which he complains or in come other way directly participated in it. For this additional reason, Plaintiff has failed to state a claim against defendants Jane Doe, Michelle Hornes, and Patricia Caruso.

## IV. Conclusion

Plaintiff's allegations are frivolous and fail to state a plausible claim for which relief may be granted. Accordingly, the complaint is summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

It is further ordered that Plaintiff's application for appointment of counsel [Dkt. #3] is **DENIED**. Finally, because an appeal from this decision would be frivolous and could not be taken in good faith, Plaintiff may not proceed *in forma pauperis* on appeal if he appeals this decision. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 4-8-11