UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL FLYNN TRUSS, JR.,

    Plaintiff,

                                                                             CASE NO. 11-11184

v.

                                                                             PAUL D. BORMAN

JANE DOE, GEORGE MURPHY,       UNITED STATES DISTRICT JUDGE
MICHELLE HORNES, and
PATRICIA L. CARUSO,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION
## FOR RELIEF FROM JUDGMENT [ECF NO. 11]

### I. Introduction

Michigan prisoner Earl Flynn Truss, Jr., commenced this action in 2011 by filing a *pro se* civil rights complaint in which he named four employees of the Michigan Department of Corrections as defendants. At the time, defendant Jane Doe was a district supervisor, George Murphy was a field agent, Michelle Hornes was an area supervisor, and Patricia L. Caruso was the Director of the Michigan Department of Corrections.

The complaint alleged that Plaintiff was paroled from his state sentence to a federal detainer on August 12, 2005. Plaintiff subsequently was released from federal prison and sent to a federal half-way house. He violated the rules of the

half-way house and was sent to the Dickerson Facility in Hamtramck, Michigan for the duration of his federal sentence. Prior to his discharge from the Dickerson Facility in 2008, defendant Murphy allegedly informed Plaintiff that the Michigan Department of Corrections had extended his state parole term.

Plaintiff argued in his *pro se* complaint that the Michigan Parole Board lacked jurisdiction over him because his parole term had expired by the time the Parole Board extended it. He also alleged that defendant Murphy had no documentation to validate the Parole Board's decision. Plaintiff claimed that state officials had followed improper procedures and that he was deprived of his liberty without due process of law.

On April 8, 2011, the Court summarily dismissed Plaintiff's complaint and closed this case for several reasons. *See* ECF No. 6. First, the Court noted that Plaintiff was challenging the fact or duration of his confinement and that his complaint would have been more appropriate in a habeas corpus petition, following exhaustion of state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 & 499 n. 14 (1973). Next, the Court determined that Plaintiff had no right to money damages under the favorable-termination rule of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because he had failed to show that the decision to extend his Michigan parole term was invalidated by state officials or impugned by federal

officials on habeas corpus review. Finally, the Court determined that the complaint failed to state a claim against Jane Doe, Michelle Hornes, and Patricia Caruso because Plaintiff had not explained what those defendants did to violate his constitutional rights and because vicarious liability was not applicable to suits under § 1983.

Plaintiff moved for relief from judgment on grounds that the Court had erred by applying *Heck* to his case and by dismissing his complaint without first allowing him to amend his complaint. *See* ECF No. 8. The Court denied Plaintiff's motion because Plaintiff had failed to demonstrate that the Court committed a clear error of judgment or that some exceptional circumstance justified relief from judgment. *See* ECF No. 9. The Court also denied Plaintiff's request to amend his complaint because, at the time, indigent prisoners were not permitted to amend their complaint to avoid *sua sponte* dismissal of a complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. *See Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999), and *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

Now before the Court is Plaintiff's second motion for relief from judgment. He wants the Court to reinstate his complaint and allow him to amend his complaint.

## II. Analysis

Under Federal Rule of Civil Procedure 15, "a court may grant permission to amend a complaint 'when justices so requires'" and ordinarily "will 'freely' do so." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.,* 616 F.3d 612, 615 (6th Cir. 2010). However, when a party seeks to amend a complaint after an adverse judgment, he "must meet the requirements for reopening a case established by Rules 59 or 60," instead of satisfying "only the modest requirements of Rule 15." *Id.* at 616.

Plaintiff brings his motion under Federal Rule of Civil Procedure Rule 60(b)(5) and Rule 60(b)(6). Rule 60(b)(5) authorizes a federal court to relieve a party from a final judgment or order when "the judgment . . . is based on an earlier judgment that has been reversed or vacated . . . ."

Rule 60(b)(6) is broader in scope. It authorizes a federal court to relieve a party from a final judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) "requires a showing of exceptional or extraordinary circumstances." *East Brooks Books, Inc. v. Memphis*, 633 F.3d 459, 465 (6th Cir. 2011). In addition, a motion under either Rule 60(b)(5) or 60(b)(6) "must be made within a reasonable time . . . ." Fed. R. Civ. P. 60(c)(1).

The basis for Plaintiff's Rule 60(b) motion is *LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013). In *LaFountain*, the Sixth Circuit overruled *McGore* and held that a federal district court may allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the screening provisions of the Prison Litigation Reform Act. *Id*. at 915.

Plaintiff argues on the basis of *LaFountain* that the Court erred when it stated in its order denying his previous motion for relief from judgment that he had no right to amend his complaint. At the time, however, the rule that an indigent prisoner could not amend his complaint was the law in this Circuit. Moreover, Plaintiff did not file his current motion until September 18, 2018, which was more than four and a half years after the Sixth Circuit issued its decision in *LaFountain*. Plaintiff did not bring his current motion within a reasonable time.

Furthermore, after Plaintiff filed his civil rights complaint, he filed a habeas corpus petition that challenged the Michigan Parole Board's decision to extend his term of parole. United States District Judge Janet T. Neff dismissed the petition for failure to raise a meritorious federal claim. *See Truss v. Burt*, No. 1:13-cv-710 (W.D. Mich. Oct. 3, 2013) (unpublished). The United States Court of Appeals for the Sixth Circuit denied Plaintiff's subsequent application for a certificate of appealability, s*ee Truss v. Burt*, No. 13-2412 (6th Cir. Apr. 17, 2014), and his

5

motions to file a second or successive habeas petition. *See In re Truss*, No. 16-2031 (6th Cir. Apr. 19, 2017); *In re Truss*, No. 18-1216 (6th Cir. July 6, 2018).

In light of Judge Neff's decision and the Sixth Circuit's rulings, a motion to amend Plaintiff's civil rights complaint would be futile. Permission to amend a complaint should be denied if the request to amend would be futile. *Letvin v. Lew*, 626 F. App'x 575, 579 (6th Cir. 2015) (citing *Murphy v. Grenier,* 406 F. App'x 972, 977 (6th Cir. 2011)).

For the reasons given above, Plaintiff is not entitled to relief from judgment under Rule 60(b)(5). He also has not shown any exceptional or extraordinary circumstances justifying relief under Rule 60(b)(6). Accordingly, the motion for relief from judgment (ECF No. 11) is denied.

s/Paul D. Borman<br>
PAUL D. BORMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: March 22, 2019