UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL FLYNN TRUSS, JR.,

    Plaintiff,

v.

JANE DOE, GEORGE MURPHY,
MICHELLE HORNES, and
PATRICIA L. CARUSO,

    Defendants.
_____/

CASE NO. 11-11184

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND A MOTION (ECF NO. 14) AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF NO. 13]

### I. Introduction and Background

Michigan prisoner Earl Flynn Truss, Jr., commenced this action in 2011 by filing a *pro se* civil rights complaint that named four employees of the Michigan Department of Corrections as defendants. *See* ECF No. 1. At the time, defendant Jane Doe was a district supervisor, George Murphy was a field agent, Michelle Hornes was an area supervisor, and Patricia L. Caruso was the Director of the Michigan Department of Corrections.

Plaintiff explained in his complaint that he was paroled from his state sentence to a federal detainer on August 12, 2005, and that he was subsequently

released from federal prison and sent to a federal half-way house. He violated the rules of the half-way house and was sent to the Dickerson Facility in Hamtramck, Michigan for the duration of his federal sentence. Prior to his discharge from the Dickerson Facility in 2008, defendant Murphy recommended that the Michigan Department of Corrections extend Plaintiff's state parole term.

Plaintiff argued in his civil rights complaint that the Michigan Parole Board lacked jurisdiction over him because his parole term expired before the Parole Board extended it. Plaintiff also alleged that defendant Murphy had no documentation to validate the extension of his parole, that state officials did not follow proper procedures, and that he was deprived of his liberty without due process of law.

On April 8, 2011, the Court summarily dismissed Plaintiff's complaint as frivolous and for failure to state a plausible claim for which relief could be granted. *See* ECF No. 6. The Court noted that Plaintiff was challenging the fact or duration of his confinement and that his complaint would have been more appropriate in a habeas corpus petition, following exhaustion of state remedies. *See Preiser v. Rodriguez,* 411 U.S. 475, 499-500 & 499 n. 14 (1973). The Court determined that Plaintiff had no right to money damages under the favorable-termination rule of *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), because he had failed to show that the decision to extend his Michigan parole term was invalidated by state

officials or impugned by federal officials on habeas corpus review. The Court also determined that the complaint failed to state a claim against Jane Doe, Michelle Hornes, and Patricia Caruso because Plaintiff had not explained what those defendants did to violate his constitutional rights and because vicarious liability was not applicable to suits under § 1983.

On April 25, 2011, Plaintiff moved for relief from judgment on grounds that the Court erroneously applied *Heck* to his case and that the Court dismissed his complaint without first allowing him to amend his complaint. *See* ECF No. 8. The Court denied Plaintiff's motion because Plaintiff had failed to demonstrate that the Court committed a clear error or that some exceptional circumstance justified relief from judgment. *See* ECF No. 9. The Court also denied Plaintiff's request to amend his complaint because, at the time, indigent prisoners were not permitted to amend their complaint to avoid *sua sponte* dismissal of a complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. *See Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999), and *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

In 2018, Plaintiff filed a second motion for relief from judgment in which he asked for permission to amend and to re-submit his complaint. *See* ECF No. 11. The basis for his motion was the Sixth Circuit's decision in *LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013), which overruled *McGore* and held that a federal district court may allow a plaintiff to amend his complaint even when the

3

complaint is subject to dismissal under the screening provisions of the Prison Litigation Reform Act. *Id*. at 951. Plaintiff argued that, in light of the Sixth Circuit's decision in *LaFountain,* this Court erred when it stated in its order denying his first motion for relief from judgment that he had no right to amend his complaint.

The Court denied Plaintiff's second motion for relief from judgment because: (1) the rule that an indigent prisoner could not amend his complaint was the law in this Circuit at the time Plaintiff filed his first motion for relief from judgment; (2) Plaintiff did not bring his second motion for relief from judgment within a reasonable time; and (3) after Plaintiff filed his civil rights complaint, he raised his claim about the extension of his parole in a federal habeas corpus petition that United States District Judge Janet T. Neff dismissed for failure to raise a meritorious federal claim. *See Truss v. Burt*, No. 1:13-cv-710 (W.D. Mich. Oct. 3, 2013) (unpublished). The Court concluded from Judge Neff's decision in Plaintiff's habeas case that leave to amend his complaint would be futile and that Plaintiff was not entitled to reinstate his complaint.

## II. The Pending Motions

Now before the Court are Plaintiff's motion for reconsideration of his second motion for relief from judgment and Plaintiff's motion to amend the motion for reconsideration. In his motion for reconsideration, Plaintiff alleges that the

Court erred in determining that he did not file his second motion for relief judgment within a reasonable time and that he had not shown extraordinary circumstances justifying relief from judgment. Plaintiff also maintains that a prisoner can always challenge the procedures used to determine parole issues.

In his motion to amend, Plaintiff seeks permission to supplement his motion for reconsideration with additional facts. He points out that defendant George Murphy was personally involved in the decision to extend his parole, that defendant "Jane Doe" is actually Leslie V. Tyrus who approved Mr. Murphy's request for an extension of parole, and that the delay in filing his second motion for relief from judgment was due to his pursuit of habeas corpus relief in state and federal court.

Plaintiff's motion to amend is granted, but, for the following reasons, the motion for reconsideration will be denied.

## II. Discussion

This District's Local Rules provide that,

> [g]enerally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3).

Plaintiff alleges that the Court erred in determining that he did not file his second motion for relief judgment within a reasonable time.  He argues that, because he filed his motion under Federal Rule of Civil Procedure 60(b)(5) and (6), the rule requiring Rule 60(b) motions to be made within one year of the judgment did not apply to his motion.

Federal Rule of Civil Procedure 60(c)(1), however, applies to all motions filed under Rule 60(b).  The rule states that "[a] motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  In other words, a motion filed under Rule 60(b)(4), (5), and (6) does not necessarily have to be filed within one year of the judgment, but it must be filed "within a reasonable time."

Plaintiff filed his second motion for relief from judgment on September 18, 2018, which was more than seven years after the judgment in this case.  Although he claims that he was pursuing habeas corpus relief in other courts, Judge Neff denied his habeas corpus petition on October 3, 2013, the Sixth Circuit denied a certificate of appealability on April 17, 2014, and the United States Supreme Court declined to issue a writ of certiorari on November 10, 2014.  *See Truss v. Bert*, 135 S. Ct. 481 (2014).  Plaintiff filed his second motion for relief from judgment almost four years later on September 18, 2018.  The Court did not err when it

concluded that Plaintiff did not file his second motion for relief from judgment within a reasonable time.

Plaintiff seeks reconsideration for the additional reason that "§ 1983 remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (emphasis omitted). Judge Neff, however, determined in Plaintiff's habeas case that the Parole Board did not violate Plaintiff's right to procedural due process by extending his term of parole. The Sixth Circuit Court of Appeals agreed in its decision denying Plaintiff's application for a certificate of appealability. This Court, therefore, did not make a palpable error when it denied Plaintiff's request to amend and reinstate his complaint on the basis that it would be futile to do so.

Accordingly, Plaintiff's motion for reconsideration (ECF No. 13) is denied. His motion to amend that motion (ECF No. 14), however, is granted and has been considered.

                              s/Paul D. Borman  
                              PAUL D. BORMAN  
Dated: August 13, 2019        UNITED STATES DISTRICT JUDGE